CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2013

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARSHANE WOODS, | Civil Action No. 7:13cv00327 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| v. | |
| WARDEN ZYCH *et al.*, | |
| | By: Samuel G. Wilson |
| Respondents. | United States District Judge |

Petitioner Marshane Woods, a federal inmate proceeding *pro se,* brings this action pursuant to 28 U.S.C. § 2241. Woods, who was convicted in the United States District Court for the Eastern District of Tennessee of two drug trafficking crimes, claims that he is actually innocent of those offenses and that the Eastern District of Tennessee lacked venue to try him. He argues that as a consequence his judgment of conviction is void, the United States does not have "authority to execute a void judgment," and he may resort to § 2241 for relief. The court concludes otherwise and dismisses his petition.

I.

A jury in the Eastern District of Tennessee found Woods guilty of conspiring to possess with the intent to distribute 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846 and possessing with intent to distribute 50 grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1), and in February 2005, the court sentenced Woods to life imprisonment. The Court of Appeals for the Sixth Circuit affirmed Woods's conviction and sentence, United States v. Woods, 187 F. App'x 524 (6th Cir. 2006). Woods challenged the legality of his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255 filed in the Eastern District of Tennessee, which that court dismissed. Woods v. United States, No. 2:07cv00068, 2010 WL 1303443 (E.D. Tenn. Mar. 31, 2010).

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[1] unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; **and** (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. Woods's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Id. This statement has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and

---

[1] See United States v. Little, 392 F.3d 671 (4th Cir. 2004) ( "[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

2

not from the legal classification of the predicate crimes."); see also United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333–34). Clearly, there has been no change in the law making it now legal to conspire to possess with the intent to distribute cocaine base or to possess with intent to distribute 50 grams or more of cocaine base. Accordingly, the court finds that Woods fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction, and his claims cannot be addressed under § 2241.[2]

### III.

For the reasons stated herein, the court dismisses Woods's petition.

**Enter:** July 22, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] The court declines to construe Woods's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977). Second, Woods has already filed a § 2255 motion in the Eastern District of Tennessee. In order to file a successive § 2255 motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See § 2255(h). Because Woods has not demonstrated that the United States Court of Appeals for the Sixth Circuit has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer Woods's petition.